RYAN G. WELDON
BRYAN T. DAKE
Assistant U.S. Attorneys
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT 59403
119 First Ave. North, Suite 300
Great Falls, MT 59403
Phone: (406) 761-7715
FAX:   (406) 453-9973
Email:   Ryan.Weldon@usdoj.gov
         Bryan.Dake@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

**FILED**
FEB 2 1 2017
Clerk, U.S. District Court
District Of Montana
Great Falls

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 16-80-GF-BMM |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| CMG CONSTRUCTION, INC., | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Ryan G. Weldon and Bryan T. Dake, Assistant United States Attorneys for the District of Montana, and the defendant corporation, CMG Construction, Inc., and the defendant corporation's attorneys, Thomas J.



Butters, Matthew D. Thompson, and Mark D. Parker, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to Count II of the indictment, which charges a false claim, in violation of 18 U.S.C. § 287. Count II carries a maximum fine of $500,000 and a $400 special assessment.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss Count I of the indictment.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by:

- Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure.* The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, Count I of the indictment; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and Count I of the indictment is dismissed, there will not be an automatic right to

withdraw the plea, even if the Court does not accept or follow the recommendations made by the United States.

4. **Interdependence of Plea Agreements:** The defendant acknowledges that the agreement reached with the United States in this case is one part of a larger disposition of multiple cases by agreements reached in this case and in *United States v. Kevin David McGovern and MC Equipment Holdings, LLC*, CR-16-22-GF-BMM, and *United States v. Kevin David McGovern and CMG Construction, Inc.*, CR-16-44-GF-BMM. This agreement is conditioned upon all agreements being accepted by the Court and concluded without the withdrawal from any of the agreements by the defendant or his companies. The defendant understands, therefore, that if he or his companies withdraw from any of the agreements, or the Court rejects this or either of the other agreements, all agreements will become null and void.

5. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in Count II of the indictment. In pleading guilty, the defendant acknowledges that:

**First**, the defendant made or presented to FEMA a claim against the United States;

**Second**, the claim was false, fictitious, and fraudulent;

**Third**, the defendant knew the claim was false, fictitious, and fraudulent; and,

**Fourth**, the false, fictitious, and fraudulent matter was material to FEMA.

6. **Waiver of Rights by Plea:**

(a) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(b) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(c) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(d) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(e) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(g) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(h) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(i) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold



AUSA    DEF    ATTY    Date

Page 5

Case 4:16-cr-00080-BMM   Document 41   Filed 02/21/17   Page 6 of 9

that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

7.   **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.

8.   **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

9.   **Waiver of Appeal of the Sentence – Conditional:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a). The prosecution has a comparable right of appeal. 18 U.S.C. § 3742(b). By this agreement the defendant

AUSA   DEF   ATTY   Date   2/10/2017                                            Page 6

waives the right to appeal any aspect of the sentence if the sentence imposed is within or below the guideline range calculated by the Court, regardless of whether the defendant agrees with that range. The United States waives its right to appeal any aspect of the sentence if the sentence imposed is within or above the guideline range calculated by the Court.

The defendant also waives the right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel.

The defendant also waives the right to challenge the conviction and sentence in *United States v. Kevin David McGovern and CMG Construction, Inc.*, CR-16-44-GF-BMM, on appeal or in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel in *United States v. Kevin David McGovern and CMG Construction, Inc.*, CR-16-44-GF-BMM.

**10.    Disclosure of Financial Information:** The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation. The defendant further agrees to fully complete a financial statement in the form prescribed by the

U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

11. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

12. **Non-Prosecution and Dismissal:** Beyond those crimes accounted for in CR-16-22-GF-BMM, CR-16-44-GF-BMM, and CR-16-80-GF-BMM, the United States agrees not to pursue other charges against the defendant based on facts arising out of McGovern and his companies' financial dealings in the District of Montana prior to this plea agreement.

13. **Breach:** If the defendant breaches this plea agreement, at any time, in any way, including but not limited to appealing or collaterally attacking the conviction or sentence, the United States may prosecute the defendant for any counts dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by the defendant pursuant to this plea agreement in any such prosecution.



| AUSA | DEF | ATTY | Date | | Page 8 |

14. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

MICHAEL W. COTTER
United States Attorney

_____
RYAN G. WELDON
Assistant U. S. Attorney
Date: 2/21/17

_____
CMG CONSTRUCTION, INC.
Defendant Corporation
By: Kevin David McGovern
Authorized Representative
Date: 2\11\17

_____
THOMAS J. BUTTERS
Defense Counsel
Date: 2/11/17